IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIDGET HOLLAND, :
    Plaintiff, :
     :
    v. : CIVIL NO. L-06-2060
     :
DOLGENCORP, INC., :
    Defendant. :
     :

**MEMORANDUM**

Now pending are (i) defendant's motion to dismiss, and (ii) defendant's motion to strike. Because the issues have been adequately briefed, no hearing is necessary. See Local Rule 105.6 (D. Md. 2004). For the reasons stated herein, the Court will, in a separate order, DENY the motions. The Court will also issue a scheduling order that will provide for discovery and the filing of summary judgment motions.[1]

**I.    Background**

Plaintiff Bridget Holland brought this suit before the Circuit Court for Caroline County on July 10, 2006. Her complaint centers on an incident that allegedly occurred at the Dollar General store in Denton, Maryland on March 6, 2006. Ms. Holland alleges that she and a co-worker were shopping at the store during their lunch hour. After checking out, they approached the exit. Ms. Holland alleges that a store employee blocked the exit and said, "I have to inspect your purse before you may leave the store. You look suspicious. We have security people on the floor and I was told you look

---

[1] The Court will hold a discovery hearing on request, if counsel believe it is necessary.

suspicious." The employee searched Ms. Holland's purse but did not find any stolen merchandise.[2]

In a two-count complaint, Ms. Holland sues the store and the unidentified employee for defamation (Count One) and false imprisonment (Count Two). On August 8, 2006, Dollar General removed the case to this Court based on diversity of citizenship.[3]

Defendant then filed a motion to dismiss for failure to state a claim. Defendant also requested that the Court order Ms. Holland not to refer to the unidentified store employee as a "white woman" in her complaint. The Court will address these motions in turn.

## II.  Defendant's Motion to Dismiss

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim that entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).

> **A. Count One (Defamation). On the facts alleged in the complaint, could the statement that the employee made to Ms. Holland be considered defamatory under Maryland law?**

There is no requirement that the defamatory words must embody an outright accusation of the commission of a crime. In some cases it is necessary to look into the

---

[2]  Complaint, ¶¶ 7-19 (Docket No. 2).
[3]  Because the incident occurred in Maryland, Maryland law applies.

accompanying circumstances at the time the alleged defamatory words were spoken in order to determine whether the words are slanderous.  See, e.g., American Stores Co. v. Byrd, 181 A.2d 333, 337-38 (Md. 1962).

At this juncture, the Court rules only that the employee's statement, as alleged in the complaint, could be considered as an accusation that Holland was suspected of theft.  This case may lead into the thickets of slander and the sometimes slippery concepts of libel per se, libel per quod, innuendo, colloquium, conditional privileges, and qualified immunity.  See e.g., Jacron Sales Co. v. Sindorf, 350 A.2d 688 (Md. 1976);  American Stores Co., 181 A.2d at 337-39; Wineholt v. Westinghouse Electric Corp., 476 A.2d 217 (Ct. Sp. App. 1984).  Before the Court can sort through these concepts, however, counsel must develop the facts during discovery and comprehensively brief them at the summary judgment stage.

### B. Count Two (False Imprisonment): On the facts alleged in the complaint, could Ms. Holland be considered to have been falsely imprisoned?

In order to establish the tort of false imprisonment, Ms. Holland must ultimately prove that the store employee deprived her of her liberty without consent or legal justification.  Green v. Brooks, 725 A.2d 596, 605 (Md. 1999).

The complaint alleges that the employee physically blocked the exit to the store and stated that Ms. Holland could not leave the store unless and until she allowed the woman to inspect her purse.  Ms. Holland grudgingly bowed to this show of authority, the complaint alleges.

The complaint alleges the necessary elements.  Before the Court can revisit Ms. Holland's false imprisonment claim, counsel must develop the facts during discovery.

**C. On the facts alleged in the complaint, could the woman who stopped Ms. Holland be considered a store employee?**

According to the Complaint, the woman, although not identified by name, stated that "we" have security people on the floor. Thus, the woman claimed to be a store employee.

During discovery, the defendant will be required to identify the personnel who were working at the store when the incident involving Ms. Holland allegedly occurred.

**D. Is the store entitled to the protection of the qualified immunity afforded under Section 5-402 of the Courts and Judicial Proceedings Article?**

Although the parties do not address it, a Maryland statute shields store personnel with qualified immunity. Md. Code Ann., Cts. & Jud. Proc. § 5-402 (2006). If the store has "probable cause to believe that the [plaintiff] committed the crime of 'theft,'" the statute immunizes the store and its employees against suits for defamation, false imprisonment, and the like.[4]

Under Maryland law, probable cause exists where there is a "reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the accused is guilty." Banks v. Montgomery Ward & Co., 128 A.2d 600, 604 (1957) (citations omitted). By its terms, this test is fact specific. Whether the statute applies in this case depends on the actions of Ms. Holland in the store

---

[4] "A merchant or an agent or employee of the merchant who detains or causes the arrest of any person shall not be held civilly liable for detention, slander, malicious prosecution, false imprisonment, or false arrest of the person detained or arrested, whether the detention or arrest takes places by the merchant or by his agent or employee, if in detaining or in causing the arrest of the person, the merchant or the agent or employee of the merchant had, at the time of the detention or arrest, probable cause to believe that the person committed the crime of 'theft,' as prohibited by 7-104 of the Criminal Law Article, of property of the merchant from the premises of the merchant." Md. Code Ann., Cts. & Jud. Proc. § 5-402(a) (2006).

Prior to the enactment of this statute, a shopkeeper, like any other property owner, had a common law privilege to detain a suspected thief. If, however, the person detained "[did] not unlawfully have any of the arrester's property in his possession, the arrester [was] liable for false imprisonment." Great Atlantic & Pacific Tea Co. v. Paul, 261 A.2d 731, 739 (Md. 1970).

and the observations of security personnel. These facts must be developed during discovery.

### E. Does the complaint sufficiently allege damages for defamation and false imprisonment?

If the employee's statement is ultimately adjudged to be defamatory, and the qualified immunity statute does not apply, then the store would be liable for actual damages. In Maryland, damages for defamation are no longer presumed. See Metromedia v. Hillman, 400 A.2d 1117, 119 (Md. 1979). A plaintiff must prove actual damages by a preponderance of the evidence. See Jacron, 350 A.2d at 698.

While Ms. Holland was not physically injured, she may recover for the types of emotional injuries alleged in her complaint: personal humiliation, embarrassment, distress, and the like. The same damages are recoverable under a false imprisonment claim. See Great Atlantic & Pacific, 261 A.2d at 739.

Whether and to what extent Ms. Holland suffered actual damages is a matter for discovery.

### III.   Defendant's Motion to Strike

Defendant has asked the Court to strike the allegation in the complaint that the woman who stopped Ms. Holland was a "white woman." In his brief, Mr. Gregory states that he used the woman's race as a descriptive because he did not know her name. He offered to amend the complaint once her name is provided in discovery. This offer moots the motion.

### IV.   Conclusion

For the reasons stated herein, the Court will, by separate Order:

(i)   DENY defendant's motion to dismiss (Docket Nos. 7 and 12), and

(ii)     DENY defendant's motion to strike (Docket Nos. 8 and 12) as MOOT.


Dated this 15th day of February, 2007.

                                                  /s/_____
                                                  Benson Everett Legg
                                                  Chief Judge